UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAPHCARE, INC.,<br><br>    Plaintiff,<br>v.<br><br>SUFFOLK COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant. | Civil Action. No. |

### NAPHCARE, INC.'S COMPLAINT AND DEMAND FOR JURY TRIAL

NaphCare, Inc. ("NaphCare") hereby files its Complaint and Demand for Jury Trial against the Suffolk County Sheriff's Department (the "SCSD") arising out of NaphCare's agreement to provide comprehensive healthcare services for inmates and detainees of the SCSD.

### PARTIES

1. Plaintiff, NaphCare, Inc. is incorporated under the laws of the State of Alabama with a principal place of business located at 2090 Columbiana Road, Suite 4000, Birmingham, AL 35216.

2. Defendant, Suffolk County Sheriff's Department is an independent state agency within the Commonwealth of Massachusetts, duly organized and existing under the laws of the Commonwealth of Massachusetts, with an office and principal place of business located at 20 Bradston Street, Boston, MA 02118.

### JURISDICTION AND VENUE

3. Jurisdiction exists under 28 U.S.C. § 1332 based on diversity of citizenship because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value $75,000.00, exclusive of interest and costs.

1

4. Venue lies in the Eastern Division of the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b).

**FACTS**

5. In 2015, the SCSD issued a Request for Responses for Comprehensive HealthCare Services ("RFR").

6. During this process, the SCSD hosted a meeting with NaphCare and other medical services companies to discuss, among other things, its concern related to staffing levels.

7. Resulting from the SCSD's concern related to staffing levels, Section 9.5 *et seq.* of the RFR sets forth the relevant penalty provisions included to ensure that the successful bidder complied with the staffing requirements specified by the SCSD.

8. In or around October of 2015, pursuant to a public bidding process on the SCSD's RFR, the SCSD selected bid number 16-1098-HOC-SDS02-00000005063.

9. Bid number 16-1098-HOC-SDS02-00000005063 was submitted by NaphCare.

10. Following the SCSD's acceptance of NaphCare's bid, the SCSD and NaphCare entered into a contract for NaphCare to serve as the SCSD's medical vendor providing comprehensive healthcare services for inmates and detainees of the SCSD ("the Contract").

11. The effective date of the Contract was March 1, 2016 with a term of five (5) years up until February 28, 2021.

12. On or about August 22, 2019, the SCSD and NaphCare entered into a rider to the Contract where NaphCare was to provide additional services through a Medication Assisted Treatment program at the Nashua Street Jail and House of Corrections in accordance with Chapter 208, Acts of 2018, HB 4742, entitled An Act for the Prevention and Access to Appropriate Care and Treatment for Addiction.

13. In relevant part, the SCSD's RFR provides in Section 1.4.3.2 that "[t]he Contractor [NaphCare] shall be paid on a monthly basis, the sum of its Daily Compensations, rounded to the penny, from the previous month, after receipt of the Contractor's invoice, in accordance with paragraph 1.4.3.3."

14. At all times, NaphCare provided the SCSD with monthly invoices as required by Section 1.4.3.3 of the RFR.

15. Section 1.4.3.3. of the RFR provides that "[t]he Contractor shall invoice the Department on a monthly basis for the sum total of the Daily Compensations from the previous month, rounded to the penny. The invoice shall provide a detailed breakdown for each day of that previous month which includes the Daily Compensation, the Per Diem Rate, the Daily Supplemental Per Diem Rate, and each Additional Staffing Per Diem with a corresponding description of the staffing position, the number of hours for such staffing position."

16. Despite NaphCare's provision of comprehensive healthcare services to the SCSD in accordance with the Contract, the Department has not paid and still owes NaphCare a total outstanding balance of $1,308,135.07, not including interest.

17. On or about July 20, 2021, NaphCare served the SCSD with a Chapter 93A settlement demand letter pursuant to General Laws chapter 93A demanding that the SCSD respond to the demand with a reasonable settlement offer within thirty (30) days of receipt.

18. The SCSD responded on August 19, 2021, the thirtieth day following NaphCare's demand letter, denying that it was liable to NaphCare in accordance with NaphCare's letter and the Contract.

19. The SCSD did however admit that it made late payments on some of NaphCare's invoices for the provision of comprehensive healthcare services under the Contract.

2937308_1

20. The SCSD also stated that it owed NaphCare a credit for the installation of a dental chair that NaphCare installed but never invoiced to the SCSD in the approximate amount of $22,542.02.

21. In its letter responding to NaphCare, the SCSD states that the "more substantial dispute between the parties concerns the contract's penalty provisions, and their impact on the compensation that NaphCare is entitled to."

22. Near the end of the contractual term, Dan Martini, Chief Financial Officer of the SCSD, told NaphCare's representative that the SCSD would delay payment in full of the last monthly invoice in order to complete a final accounting of all NaphCare invoices for the fiscal year.

23. The SCSD made an initial payment of $543,326.56 prior to the final calculation of its invoices.

24. The SCSD now withholds the remaining balance owed to NaphCare claiming that it is entitled to take $521,742.40 in unapplied offsets from the months of September 2020 through February 2021 after calculating staffing penalties incurred during the COVID-19 pandemic.

25. The SCSD seeks to apply these penalties offsets to the amount owed to NaphCare pursuant to the Contract to reduce and avoid its liability to NaphCare.

26. However, pursuant to e-mail correspondence of April 2, 2020 from Rachelle Steinberg ("Steinberg"), Assistant Deputy Superintendent of the SCSD, the SCSD agreed to waive penalties during the COVID-19 pandemic.

27. Specifically, Steinberg said as follows: "[a]s with other conversations, we are willing to waive penalties during this ordeal. We will obviously keep in touch about needs should

they change. As you reiterated yesterday, patient care is most important and as long as the needs are met the Department is not going to penalize for altered staggered staffing."

28. As a result of Steinberg's e-mail, the SCSD waived penalties for NaphCare's providers, including mental health, optometry and dental during the COVID-19 crisis.

29. In denying NaphCare's demand letter and assessing $325,424.41 in penalties for the period of May 31, 2020 through August 31, 2020, the SCSD incorrectly included the penalty assessments directed to NaphCare by failing to factor in Steinberg's and the SCSD's waiver of the penalty provisions of the Contract during the relevant time period.

30. NaphCare has maintained extensive calculations of staffing time based on the services rendered by NaphCare and has determined that the appropriate total amount of penalties that may be assessed against NaphCare for the period of September 30, 2020 through the end of the Contract term is $78,814.82.

31. The outstanding balance owed to NaphCare relates to invoices 102002, 102113, 103391, 103524, and 103780. The specific amounts which remain outstanding, as well as the interest potentially due in the event of a judgment for pecuniary damages is summarized in the table below as follows:

| Invoice No. | Invoice Date | Due Date | Outstanding Balance | Months Overdue | Current Interest as of July 2021 |
|---|---|---|---|---|---|
| 102002 | 1/10/2020 | 2/9/2020 | $31,509.00 | 15 | $4,726.35 |
| 102113 | 2/7/2020 | 3/8/2020 | $31,165.45 | 14 | $4,363.16 |
| 103391 | 12/18/2020 | 1/7/2021 | $368,047.51 | 4 | $14,721.90 |
| 103524 | 1/7/2021 | 2/6/2021 | $383,413.11 | 3 | $11,502.39 |
| 103780 | 3/8/2021 | 4/7/2021 | $530,000.00 | 1 | $5,300.00 |
| | | | | | |
| **Total Outstanding Balance** | | | $1,308,135.07 | **Current Interest** | $40,613.80 |

32. When factoring the appropriate total penalty assessed to NaphCare of $78,814.82 for the period of September 30, 2020 through the end of the Contract term, the outstanding invoice amounts that are due and payable to NaphCare of $1,308,135.07 is reduced to $1,229,320.25.

33. This amount does not include the $288,695.11 overassessment of penalties by the SCSD for the period of May 1, 2020 through August 31, 2020, which should be credited to the total amount owed to NaphCare.

## COUNT I
### Breach of Contract
### (NaphCare, Inc. v. Suffolk County Sheriff's Department)

34. NaphCare repeats and incorporates by reference the preceding paragraphs as though set forth fully herein.

35. On or about March 1, 2016, the SCSD and NaphCare entered into a five-year contract wherein NaphCare would provide comprehensive healthcare services up until February 28, 2021.

36. NaphCare and the SCSD agreed to be bound by the terms and conditions of the Contract.

37. NaphCare performed its obligations under the Contract.

38. The SCSD has failed to make a number of required monthly payments on NaphCare's invoices pursuant to the Contract, which are now seriously delinquent.

39. The SCSD has unreasonably failed to make payment on NaphCare's invoices after being provided a breakdown of the fees owed to NaphCare pursuant to the outstanding invoices.

40. NaphCare is entitled to a judgment in its favor awarding the outstanding amounts owed under the Contract with interest and attorneys' fees.

## COUNT II
### Breach of the Covenant of Good Faith and Fair Dealing
### (NaphCare, Inc. v. Suffolk County Sheriff's Department)

41. NaphCare repeats and incorporates by reference the preceding paragraphs as though set forth fully herein.

42. On or about March 1, 2016, the SCSD and NaphCare entered into a five-year contract wherein NaphCare would provide comprehensive healthcare services up until February 28, 2021.

43. NaphCare and the SCSD agreed to be bound by the terms and conditions of the Contract.

44. NaphCare performed its obligations under the Contract.

45. The SCSD has failed to make a number of required monthly payments on NaphCare's invoices pursuant to the Contract, which are now seriously delinquent.

46. The SCSD has unreasonably failed to make payment on NaphCare's invoices after being provided a breakdown of the fees owed to NaphCare pursuant to the outstanding invoices.

47. Every contract in Massachusetts is subject to the implied covenant of good faith and fair dealing and the SCSD is bound to act accordingly with respect to its performance of the obligations set forth under the Contract.

48. As described above, the SCSD has breached the covenant of good faith and fair dealing by refusing to remit payment pursuant to NaphCare's outstanding invoices and for the services NaphCare rendered pursuant to the Contract.

49. The SCSD's refusal to pay NaphCare the outstanding invoice balances for NaphCare's provision of comprehensive healthcare services has the effect of destroying and injuring NaphCare's right to receive the fruits of the contract with the SCSD.

50. Particularly where the SCSD had agreed to waive the penalty provisions of the contract, it cannot now dispute the outstanding amounts owed to NaphCare for the services it provided.

51. NaphCare is entitled to a judgment in its favor awarding the outstanding amounts owed under the Contract with interest and attorneys' fees.

## COUNT III
### Quantum Meruit/Unjust Enrichment
### (NaphCare, Inc. v. Suffolk County Sheriff's Department)

52. NaphCare repeats and incorporates by reference the preceding paragraphs as though set forth fully herein.

53. NaphCare provided comprehensive healthcare services for the effective term of the Contract.

54. The SCSD knowingly received the benefit of NaphCare's provision of comprehensive healthcare services, including the time period during the COVID-19 pandemic.

55. The SCSD has failed to pay NaphCare for the services rendered pursuant to the Contract.

56. Where the SCSD had agreed to waive the penalty provisions of the Contract, it cannot now dispute the outstanding amounts owed to NaphCare for the services it provided.

57. The SCSD is unjustly enriched by its refusal to fairly compensate NaphCare as specified in the terms of the Contract.

58. NaphCare has sustained an unjust detriment due to the SCSD's refusal to fairly compensate NaphCare as specified in the terms of the Contract.

59. NaphCare is entitled to the value of the services rendered to the SCSD.

60. NaphCare is entitled to the reasonable value of its services rendered to the SCSD.

WHEREFORE, NaphCare, Inc. respectfully requests that the Court enter judgment in its favor and against the Suffolk County Sheriff's Department awarding, the amount owed to NaphCare pursuant to the Contract, interest at a rate of twelve percent per annum from the date of the breach or demand as provided for in G.L. c. 231, § 6C, NaphCare's reasonable attorneys' fees and whatever other relief this Court deems just and proper.

## JURY DEMAND

**PLAINTIFF NAPHCARE, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

    Respectfully submitted,

    **NAPHCARE, INC.,**
    By its attorneys,

    */s/ Michael F. Connolly*
    _____
    Michael F. Connolly (BBO #551273)
    Robert S. Hillson II (BBO #703498)
    Rubin and Rudman LLP
    53 State Street
    Boston, MA 02109
    (617) 330-7000
    mconnolly@rubinrudman.com
    rhillson@rubinrudman.com

Dated:  September 15th, 2021